UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

KENDALL GARRETT MOSING          CIVIL ACTION NO. 6:16-cv-01776

VERSUS                          JUDGE HICKS

ROBERT LABARGE, ET AL.          MAGISTRATE JUDGE HANNA

## REPORT AND RECOMMENDATION

This action was removed from state court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. The defendants filed a motion to dismiss (Rec. Doc. 6), and the plaintiff filed a motion for jurisdictional discovery (Rec. Doc. 11). Before ruling on those motions, this Court raised the issue of subject-matter jurisdiction *sua sponte*, having found that the parties are diverse in citizenship but being unable to determine whether the amount in controversy exceeds the jurisdictional minimum. This Court now finds that the defendants have not satisfied their burden of proving that the amount in controversy exceeds the jurisdictional threshold and consequently recommends that this action be remanded to state court.

## BACKGROUND

This is a defamation action filed by the plaintiff, Kendall Garrett Mosing, against Robert Boston, Robert LaBarge, and their insurers. In 2014, Mosing filed a related action against Boston, LaBarge, and their company, Zloop, LLC (succeeded by Zloop, Inc.). In the other suit, Mosing alleged that Boston and LaBarge used

fraud, deception, misrepresentation, forgery, and other dishonest acts and violated both state and federal law while inducing Mosing to invest in electronic waste recycling franchises bearing the Zloop moniker.  In August 2015, Zloop, LLC and two related entities sought bankruptcy protection in Delaware.  The complaint filed in this lawsuit alleged that, in opposing the proposed bankruptcy plan, Boston and LaBarge filed documents in the electronic suit record for the bankruptcy proceeding that contained false and defamatory allegations about Mosing, including allegations of criminal conduct.  The complaint alleged that the electronic filing damaged Mosing's reputation and exposed him to contempt or ridicule, causing him to sustain damages in Louisiana, where he lives.

## ANALYSIS

This Court raised the issue of subject-matter jurisdiction *sua sponte*.  A court must have the power to decide the claim before it (subject-matter jurisdiction) and power over the parties before it (personal jurisdiction) before it can resolve a case."[1] Federal district courts have a duty to consider the question of subject-matter jurisdiction *sua sponte* if it is not raised by the parties, and to dismiss any action if subject-matter jurisdiction is lacking.[2]  A district court may examine the basis of

---

[1]      *Lightfoot v. Cendant Mortg. Corp.*, 137 S.Ct. 553, 562 (2017).

[2]      *Giannakos v. M/V Bravo Trader*, 762 F.2d 1295, 1297 (5th Cir. 1985).

subject-matter jurisdiction at any stage of the proceedings.[3]  "Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter."[4]

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[5]  Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[6] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[7]  A suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise.[8]  Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns."[9]

In this case, the plaintiff originally filed suit in Louisiana state court, and the defendants removed the suit to this forum.  The removal statute must be strictly

---

[3]     *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir. 1980).

[4]     *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 578 (1999).

[5]     See, e.g., *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010); *Howery v. Allstate Ins., Co.*, 243 F.3d 912, 916 (5th Cir. 2001).

[6]     28 U.S.C. § 1331.

[7]     28 U.S.C. § 1332.

[8]     *Howery v. Allstate*, 243 F.3d at 916.

[9]     *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir. 1995).

construed, and any doubt about the propriety of removal must be resolved in favor of remand and against federal-court jurisdiction.[10]  The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction by a preponderance of the evidence.[11]  When an action is removed from state court, as this suit was, the removing parties bear the burden of proving that federal jurisdiction exists.[12]  Accordingly, Boston and LaBarge have the burden of establishing that the court has jurisdiction over this matter.

In the removal notice, the defendants alleged that the court has subject-matter jurisdiction under 28 U.S.C. § 1332 because the parties are diverse in citizenship and the amount in controversy exceeds the jurisdictional threshold of $75,000.  To remove a case based on diversity jurisdiction, a defendant must demonstrate "that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are

---

[10]        *Carpenter v. Wichita Falls*, 44 F.3d at 366; *Acuna v. Brown & Root Inc*., 200 F.3d 335, 339 (5th Cir. 2000).

[11]        *Robertson v. Exxon Mobil Corp*., 814 F.3d 236, 239 (5th Cir. 2015)("the party seeking removal bears the burden of establishing federal jurisdiction"); *Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002) ("[t]he removing party bears the burden of establishing both the existence of federal subject-matter jurisdiction and the propriety of removal").

[12]        *Shearer v. Southwest Service Life Ins. Co*., 516 F.3d 276, 278 (5th Cir. 2008); *Boone v. Citigroup, Inc*., 416 F.3d 382, 388 (5th Cir. 2005); *Manguno v. Prudential Property and Cas. Ins. Co*., 276 F.3d at 723; *De Aguilar v. Boeing Co*., 47 F.3d 1404, 1408 (5th Cir. 1995).

satisfied."[13]   Thus, Boston and LaBarge have the burden of establishing that the amount in controversy exceeds $75,000 and that the parties are diverse in citizenship.[14]

As explained in a prior order (Rec. Doc. 30), this Court analyzed the parties' allegations and found that the parties are diverse in citizenship.  However, this Court was unable to determine whether the amount-in-controversy requirement was satisfied.

The amount in controversy is generally defined as the sum claimed by the plaintiff in good faith.[15]   In his petition, the plaintiff alleged that he had sustained damages "in an amount to be proven at trial." (Rec. Doc. 1-1 at 6).  He also requested trial by jury.  Because Louisiana law imposes a $50,000 amount-in-controversy requirement as a predicate to a jury trial,[16] this indicated that the amount in controversy exceeds $50,000.

When, as in this case, a plaintiff's complaint does not seek recovery of a determinate amount, the parties invoking the Court's jurisdiction, i.e., the removing

---

[13]     *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir. 2004) (*en banc)*.

[14]     28 U.S.C. § 1332.

[15]     *Garcia v. Koch Oil Co. of Texas Inc.*, 351 F.3d 636, 638 (5th Cir. 2003); *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (U.S. 1938)

[16]     Louisiana Civil Code Article 1732(1).

defendants, have the burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.[17]  To satisfy that burden, the defendants must either demonstrate that it is facially apparent that the claims are likely above $75,000 or set forth the specific facts in controversy that support a finding of the jurisdictional amount.[18]

The amount in controversy is facially apparent when the allegations of the complaint are sufficient to permit a calculation of likely damages exceeding $75,000. For example, the Fifth Circuit found that the district court did not err in finding, based on a reading of the face of the complaint, that the value of the plaintiff's claims exceeded $75,000 when the plaintiff alleged damages for lost property (including a suitcase containing her prescription heart medication); travel expenses; an emergency ambulance trip; a six-day stay in the hospital with congestive heart failure, pulmonary edema, and respiratory distress, during part of which the plaintiff was unconscious; pain and suffering; humiliation; and the temporary inability to do housework after hospitalization.[19]  When a complaint described the plaintiff's damages "with substantially less specificity than the description of damages" in the complaint just

---

[17]     *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

[18]     *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d at 1253.

[19]     *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).  See, also, *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000).

described, however, the Fifth Circuit concluded that it was not facially apparent that the damages exceeded $75,000.[20]

In this case, there is nothing in the petition establishing the amount in controversy or demonstrating that it exceeds $50,000. The only two indications of the amount in controversy set forth in the plaintiff's complaint are those mentioned above: that the amount of damages would be proved at trial and that a jury trial was requested. Thus, from a reading of the complaint, there is no basis for concluding that the amount in controversy exceeds $75,000. That is why this Court found, in its earlier order, that the amount in controversy is not facially apparent.

In their removal notice, Boston and LaBarge suggested that the amount in controversy exceeds $75,000 because the plaintiff "is a multimillionaire investor." (Rec. Doc. 1 at 6). However, this Court is unaware of any statutory or jurisprudential authority for the proposition that the financial standing of the plaintiff is an accurate measure of his damages. Therefore, this Court ordered the defendants to "prove by a preponderance of the evidence that the amount in controversy exceeds the statutory minimum." (Rec. Doc. 30 at 8). This Court established a schedule for the submission of evidence addressing the amount in controversy. (Rec. Doc. 30 at 18). The

---

[20]    *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999).

defendants complied with the order and submitted a responsive memorandum (Rec. Doc. 34).

The plaintiff also responded, stating only that he "is in agreement that the amount of damages in this matter exceed the jurisdictional amount." (Rec. Doc. 37). But "a party may neither consent to nor waive federal subject matter jurisdiction."[21] Therefore, the parties to a lawsuit "are not free simply to agree that the jurisdictional amount requirement has been satisfied, since parties cannot by stipulation or any other mechanism confer subject matter jurisdiction on the federal courts. Further, a federal court will not permit a defendant to consent to jurisdiction or to fail to challenge it."[22] Thus, the plaintiff's assent does not advance the defendants' argument.

In their responsive memorandum, the defendants ignored this Court's earlier finding that it is not facially apparent that the amount in controversy exceeds $75,000, and they again argued that it is facially apparent that the petition alleges an amount in controversy exceeding $75,000. As explained above, that argument lacks merit.

---

[21]    *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 850 (5th Cir. 1999).

[22]    14AA Fed. Prac. & Proc. Juris. § 3702 (4th ed.). See also, *Moore v. Office Depot, Inc.*, 2010 WL 2671927, * 2 at n. 4 (W.D. La. June 30, 2010) ("Although plaintiffs now do not contest that the amount in controversy exceeded $75,000 at the time of removal, the parties cannot confer federal subject matter jurisdiction via consent.").

-8-

The defendants also attempted to persuade this Court that the amount in controversy exceeds $75,000 by citing to various cases in which damages for defamation were awarded.  The cited awards ranged from $15,000 to $1 million. (Rec. Doc. 34 at 4).  But the defendants provided no analytical basis for comparing the facts of this case and the damages allegedly sustained by Mosing with the factual scenarios and damages awarded in the cited cases.  Therefore, the cases cited by the defendants provide no guidance for concluding that Mosing's damages likely exceed $75,000.  More particularly, the defendants did not direct this Court's attention to a case in which the reputation of an alleged multi-millionaire investor like Mosing was damaged  – either due to the filing of documents in a court proceeding in which he was involved or due to any other set of circumstances – and damages were awarded.

Finally, the defendants argued that attorneys' fees may be considered in calculating the amount in controversy.  While that is a true statement, it is well-settled that Louisiana law permits the recovery of attorneys' fees only when authorized by contract or statute.[23]  The defendants have identified no statute or contract that would permit the recovery of attorneys' fees in this case.  Accordingly, this argument not only lacks merit but is also frivolous.

---

[23]    *State, Dept. of Transp. and Development v. Wagner*, 2010-0050 (La. 05/28/2010), 38 So.3d 240, 241.

-9-

## CONCLUSION

For the reasons explained above, this Court finds that the defendants have not satisfied their burden of establishing that the amount in controversy is at least $75,000.  Consequently, this Court further finds that the court lacks subject-matter jurisdiction over this action.  Therefore, this Court recommends that this action be remanded to the 15th Judicial District Court, Lafayette Parish, Louisiana.  Having found that the court lacks subject-matter jurisdiction over this action, it is also recommended that the defendants' motion to dismiss (Rec. Doc. 6) and the plaintiff's for jurisdictional discovery (Rec. Doc. 11) be denied as moot.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual

findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana, this 24th day of May 2017.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE